JOURNAL ENTRY AND OPINION
Defendant-appellant Rashaan Felix appeals from his bench trial convictions for escape and assault with a peace officer specification. The prosecution has conceded error concerning the imposition of consecutive sentences. We affirm defendant's convictions, but remand for resentencing.
Defendant was indicted in a separate case, No. CR-385134, for trafficking in crack cocaine, possession of crack cocaine, and possession of criminal tools. He was convicted on the cocaine trafficking and possession of criminal tools charges, which are the subject of a separate appeal. State v. Felix (Aug. 9, 2001), Cuyahoga App. No. 78102, unreported.
Defendant was indicted in the case at bar, Case No. CR-389953, on charges of escape and assault with a peace officer specification. Defendant waived his right to jury trial and the matter was tried to the trial judge. The prosecution presented testimony from the two officers, Matthew Baeppler and Kenneth Florjancic, and Detective Thomas Booth.
Officer Baeppler testified that he observed defendant, from a distance of forty yards away, exchange with another pedestrian a small object for money. Officer Baeppler believed the object was drugs but was unable to see it. The exchange was consistent with other illegal drug sales he observed in his five years of experience. He left the patrol car and approached defendant, who fled. Officer Baeppler chased defendant and tackled him whereupon defendant kicked and punched the officer. Then Baeppler's partner, Officer Florjancic, arrived. Officer Baeppler testified that defendant, now handcuffed, still had a baggie, containing fifteen rocks and crumbs of crack cocaine, in his fist. When Florjancic left to recover their patrol car, defendant's brother distracted Baeppler and defendant fled a second time. Officer Baeppler captured defendant again.
Officer Florjancic testified that he also observed what appeared to be an illegal drug transaction and otherwise corroborated Officer Baeppler's testimony. Detective Booth testified that he interviewed defendant after Booth read defendant his Miranda rights. Detective Booth testified that defendant denied possessing the drugs, but admitted to running from the police. Defendant told him the police found the drugs in a bush.
Defendant, his brother, Jerome Smith, and a friend, Tammy Bellar, testified for the defense. The defense version was that defendant committed no crime. He was merely visiting in the neighborhood, did not sell drugs, and never struck Officer Baeppler. Defendant stated that he fled when Officer Baeppler first approached him because he had previously been beaten up by police officers. He fled the second time because Officer Baeppler was going to plant drugs on him that Baeppler found in a bush. Defendant asserted that he did not know he was under arrest. He admitted that he had six prior convictions, including four prior drug convictions.
The trial court found defendant guilty of escape and assaulting a police officer with the peace officer specification. The trial court sentenced defendant to one-year imprisonment on the assault charge and four years on the escape charge. The trial court ordered the sentences on these two charges to be served concurrently with each other, but consecutive to the sentence imposed on his drug convictions in Case No. CR-385134. Defendant, through newly appointed appellate counsel, raises two assignments of error.
Defendant's first assignment of error follows:
 THE DEFENDANT'S RIGHTS WERE VIOLATED WHEN HE WAS SUBJECTED TO AN UNREASONABLE SEIZURE CONTRARY TO THE FORTH [SIC] AMENDMENT TO THE U.S. CONSTITUTION AND ARTICLE I SECTION 14 OF THE OHIO CONSTITUTION THIS [SIC] UNREASONABLE SEIZURE WAS THE ONLY BASIS FOR THE CHARGES AS INDICTED.
This assignment lacks merit.
Defendant argues that the police violated his constitutional rights when they first stopped him. He argues the evidence shows they had no grounds to detain or arrest him and that the absence of such grounds constitutes an affirmative defense to the crime of escape and assault.
R.C. 2921.34(A) defines the offense of escape in pertinent part as follows:
S 2921.34 Escape.
 (A)(1) No person, knowing the person is under detention or being reckless in that regard, shall purposely break or attempt to break the detention, or purposely fail to return to detention, either following temporary leave granted for a specific purpose or limited period, or at the time required when serving a sentence in intermittent confinement.
Subsection (B) recognizes an affirmative defense to the charge of escape, and provides as follows:
 (B) Irregularity in bringing about or maintaining detention, or lack of jurisdiction of the committing or detaining authority, is not a defense to a charge under this section if the detention is pursuant to judicial order or in a detention facility. In the case of any other detention, irregularity or lack of jurisdiction is an affirmative defense only if either of the following occurs:
 (1) The escape involved no substantial risk of harm to the person or property of another.
 (2) The detaining authority knew or should have known there was no legal basis or authority for the detention.
The principal basis for defendant's claim was that Officer Baeppler knew there was no legal basis or authority to detain him. R.C.2921.34(B)(2). The trial court, however, properly found otherwise. The record shows that defendant was observed to be engaging in what appeared to experienced police officers to be an illegal drug transaction in an area known for high drug crime. It is well established that, under the totality of such circumstances, the officers' observation provided them with sufficient reasonable suspicion to warrant an investigatory stop.
Moreover, the fact that defendant fled as the uniformed officers approached provided further additional grounds for suspicion.See Illinois v. Wardlow (2000), 528 U.S. 119; State v. Whitfield (Nov. 1, 2000), Mahoning App. No. 99 CA 111, unreported; State v. Kimble (Jan. 5, 2001), Montgomery App. No. 18497, unreported. In the case at bar, Officer Baeppler was required to physically stop defendant from fleeing before he was able to conduct such an investigation. See id. Baeppler testified that defendant immediately began to punch and kick him. Once defendant struck him, Baeppler had probable cause to arrest defendant for the assault of a peace officer, regardless of whether there was probable cause to arrest him for any drug offense. Thus, contrary to defendant's argument, the record shows there was a sufficient legal basis or authority for the detention to negate defendant's claimed affirmative defense.
Officer Baeppler handcuffed defendant and discovered that defendant had a baggie full of crack cocaine in his left hand. Defendant's brother distracted Baeppler and enabled defendant to flee a second time. Although the uniformed officer had not announced to defendant that he was under arrest, the trial court could properly find that defendant knew or recklessly disregarded the fact that he had been arrested or lawfully detained for purposes of committing the offense of escape. The evidence does not support defendant's claim that Baeppler knew or should have known there was no legal basis or authority for the detention. R.C.2921.34(B)(2).
Finally, defendant also briefly contends the evidence shows that his escape involved no substantial risk of harm to the person or property of another to constitute a complete defense to the charge. R.C.2921.34(B)(1). The record, however, shows that he used physical force by kicking and striking Officer Baeppler both before and after he was handcuffed. Baeppler injured his rotator cuff and his glasses were broken in the scuffle. Under the circumstances, the trial court was not required to find that defendant's escape involved no substantial risk of harm to the person or property of another.
We also note that defendant did not raise this affirmative defense challenging the legality of his arrest in a motion to dismiss before trial. Another appellate court has upheld a trial court precluding evidence under similar circumstances. In State v. Cody (Dec. 31, 1991), Huron App. No. H-91-5, unreported at 2, the trial court held that a defendant waived the right to challenge the legality of his arrest for escape because he had failed to challenge the legality of the arrest under a Crim.R. 12 pretrial motion. The Sixth Appellate District agreed but also considered the circumstances. Such a conclusion would be even more warranted in the case at bar because in challenging the legality of the original stop defendant seeks to contest not only the escape charge, which recognizes this defense, but also the assault charge, which does not recognize such a defense.
Accordingly, defendant's first assignment of error is overruled.
Defendant's second assignment of error follows:
 THE TRIAL COURT ERRED BY IMPOSING UPON THE APPELLANT CONSECUTIVE SENTENCES WITHOUT FIRST CONDUCTING A PROPER O.R.C. 2929.19(B) AND 2929.14(E) ANALYSIS.
This assignment is well taken.
Defendant does not challenge the sentences imposed upon him for assault or escape, but argues that the trial court failed to make the findings required to impose the sentences consecutive to the sentence imposed for his convictions on the drug offenses in Case No. CR-385134. The prosecution has conceded this argument on appeal. After reviewing the record (Tr. 108), we likewise agree that the trial court failed to make the required findings or statement of reasons necessary to impose consecutive sentences. See State v. Watson (June 14, 2001), Cuyahoga App. No. 78499, unreported at 4-5; R.C. 2929.14(E)(4) and R.C.2929.19(B)(2)(c).
Accordingly, defendant's second assignment of error is sustained.
Defendant's convictions are affirmed, his consecutive sentences vacated pursuant to R.C. 2953.08(G)(2)(a) and the matter remanded for resentencing consistent with this opinion.
It is ordered that appellee and appellant shall share equally the costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Common Pleas Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for resentencing.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
FRANK D. CELEBREZZE, JR., J., and TERRENCE O'DONNELL, J., CONCUR.